IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Swiss Brand Limited, Inc., a Panama corporation,<br><br>  Plaintiff,<br><br>v.<br><br>Wenger S.A., a Swiss corporation,<br><br>  Defendant. | Case No.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Swiss Brand Limited, Inc. ("Plaintiff" or "Swiss Brand"), through its attorneys, sues Defendant, Wenger S.A. ("Defendant" or "Wenger"), and states:

### Nature of the Action

1. This declaratory judgment action arises from a dispute between Swiss Brand and Wenger over Swiss Brand's right to use its marks, and Swiss Brand's rights under its federal trademark registrations and applications seeking registration of its marks with the United States Patent and Trademark Office, which have been challenged by Wenger based upon a likelihood of confusion.

### The Parties, Jurisdiction and Venue

2. Swiss Brand is a Panama corporation that engages in the sale of products throughout the United States, including in this District.

3. Wenger is a Swiss corporation that engages in the sale of products throughout the United States, including in this District.

1

4. This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. §§ 1114, 1116, 1121 and 1125; 28 U.S.C. §§ 1331, 1338(a), and 2201, because this case involves a federal question arising under the Lanham Act, 15 U.S.C. §§ 1051, et seq, and because the allegations herein demonstrate that there is a substantial case or controversy between the parties to warrant the issuance of a declaratory judgment under 28 U.S.C. § 2201.

5. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1391 and Fla. Stat. § 48.193 because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

Factual Background

Swiss Brand and its Original Registrations

6. Swiss Brand is a Panamanian company that began manufacturing and selling travel bags, travel accessories, clothing and related items in the United States and other countries throughout the world in 2008.

7. On December 6, 2011, Swiss Brand secured registration with the United States Patent and Trademark Office ("USPTO") of the mark SWISSBRAND and Design, as shown below under U.S. Registration No. 4,068,183 (the "Original SWISSBRAND and Design Mark") covering various goods in Classes 18 and 25:



8. On July 16, 2013, Swiss Brand secured registration with the USPTO of its cross logo, as shown below under U.S. Registration No. 4,369,953 (the "Original Swiss Brand Cross Logo") covering various goods in Classes 18 and 25:

2



9. On April 10, 2015, Wenger filed a Petition for Cancellation with the TTAB (Petition for Cancellation No. 92061241), seeking cancellation of Swiss Brand's U.S. Registration Nos. 4,068,183 and 4,369,953 for the Original SWISSBRAND and Design Mark and the Original Swiss Brand Cross Logo, alleging that the marks in these registrations were "likely to cause confusion" with the following Wenger marks:

| Mark | U.S. Reg. No. & Reg. Date |
|---|---|
|  | 3,820,133 - July 20, 2010 |
|  | 4,301,579 - March 12, 2013 |
|  | 4,024,369 - September 13, 2011 |

3

| | 3,291,272 - September 11, 2007 |
|---|---|
|  In 2017, Wenger amended the drawing of the mark covered by Registration No. 3,291,272 to:  | |
|  This Registration was cancelled on April 13, 2018 | 3,291,266 - September 11, 2007 |

(the "Wenger Marks")

Swiss Brand's New Applications

10. On June 13, 2017, Swiss Brand filed an application for registration with the USPTO seeking registration of a modified version of the Original Swiss Brand Cross Logo as shown below (the "Revised Swiss Brand Cross Logo") for various goods in class 18, under U.S. Trademark Application Ser. No. 87/487,910:

4

(The Original SWISSBRAND and Design Mark, the Original Swiss Brand Cross Logo, the Revised SWISSBRAND and Design Mark and the Revised Swiss Brand Cross Logo may sometimes be hereinafter referred to collectively as the "Swiss Brand Marks.")

11. On August 23, 2017, Swiss Brand filed applications for registration with the USPTO seeking registration of modified version of the Original SWISSBRAND and Design Mark as shown below (the Revised "SWISSBRAND and Design Mark")for various goods in Classes 9, 18 and 28, under U.S. Trademark Application Ser. Nos. 87/581,407, 87/581,410 and 87/581,385:

**SWISSBRAND**⊞

12. On May 7, 2018, Wenger filed a Notice of Opposition with the TTAB (Notice of Opposition No. 91241015), opposing U.S. Trademark Application Ser. Nos. 87/581,407 and 87/581,410, alleging that registration and use of the Revised SWISSBRAND and Design Mark and the Revised Swiss Brand Cross Logo were "likely to cause confusion" with respect to certain of the Wenger Marks, plus the following additional marks:

| **Mark** | **U.S. Reg. No. & Reg. Date** |
|---|---|
| ⊕WENGER | 3,291,271 - September 11, 2007 |
| ⊕WENGER | 3,405,840 - April 1, 2008 |

13. On July 27, 2018, Wenger filed a Notice of Opposition with the TTAB, opposing U.S. Trademark Application Ser. Nos. 87/581,385 and 87/487,910 (Notice of Opposition No. 91242684), again alleging that use of the Revised SWISSBRAND and Design Mark is "likely to

5

cause confusion" with respect to the same marks Wenger cited in its Notice of Opposition No. 91241015.

14. On October 18, 2018, Swiss Brand filed a motion with the USPTO Trademark Trial and Appeal Board (the "TTAB") under Section 7 of the Lanham Act seeking to amend the mark in the registration subject to the Petition for Cancellation No. 92061241 to the Revised SWISSBRAND and Design Mark.

The Parties Settlement Efforts

15. Soon after Wenger filed its Petition for Cancellation in 2015, counsel for Wenger and counsel for Swiss Brand met to discuss settlement, at which time Wenger's counsel confirmed that the manner by which Swiss Brand was using the Original SWISSBRAND and Design Mark and the Original Swiss Brand Cross Logo in the marketplace were unacceptable to Wenger. Thus, it was made clear to Swiss Brand that Wenger's objection involved more than the mere registration of the Swiss Brand Marks.

16. Over the course of the next several years, the parties engaged in continuing negotiations to amicably resolve their dispute. The settlement discussion between the parties were always cordial and largely productive.

17. Given the initial progress made in these settlement discussions, Swiss Brand began transitioning from the Original SWISSBRAND and Design Mark and the Original Swiss Brand Cross Logo to the Revised SWISSBRAND and Design Mark and the Revised Swiss Brand Cross Logo. Swiss Brands completed this transition in 2019.

18. Ultimately, in early 2019, after extensive negotiations, the parties appeared to have reached a final settlement on all open issues, with counsel for Wenger sending counsel for Swiss Brand the final draft agreement, stating: "We are ready to go with the agreement. If you get it

signed by your client, I will have it signed by mine." Swiss Brands immediately signed the agreement. Wenger did not.

19. Instead, a few weeks later, Wenger's counsel informed Swiss Brand's counsel that representatives of Wenger had observed some Swiss Brand product samples at a trade show, and upon viewing these samples, Wenger objected to Swiss Brand's use of the Swiss Brand Marks, including the Revised SWISSBRAND and Design Mark and the Revised Swiss Brand Logo, and accordingly was no longer amenable to entering into the settlement agreement.

20. Indeed, at the trade show, at least one representative of Wenger approached Swiss Brand's display booth and began photographing the Swiss Brand product samples, demanded a catalog showing Swiss Brand's products, and expressed his objection to Swiss Brand's use of the Swiss Brand Marks.

21. Following the trade show, counsel for Wenger also sent a product image to counsel for Swiss Brand as an example of the trademark usage of the Swiss Brand Marks objected to by Wenger.

22. On December 11, 2019, counsel for Wenger again advised counsel for Swiss Brand that Wenger objected to Swiss Brand's usage of the Swiss Brand Marks and provided counsel for Swiss Brand images showing the trademark usage to which Wenger objects:

 

23. And as recently as February 14, 2020, counsel for Wenger notified counsel for Swiss Brand that Wenger filed a complaint for trademark infringement against a third-party based upon use of the third-party's registered marks, which feature a cross design over a red background. Counsel for Wenger sent counsel for Swiss Brand a copy of the complaint against the third-party.

24. As a result of (a) Wenger's rejection of the draft settlement agreement, (b) the confrontation at the trade show, (c) the objections subsequently communicated through counsel, and (d) Wenger's transmittal of the trademark infringement complaint it recently filed against a third-party, Swiss Brand has a real and reasonable apprehension that it will be sued for trademark infringement if it introduces new products bearing the objected-to marks in commercial quantities into the U.S. market.

25. Because of Wenger's objection to Swiss Brand's use of the Swiss Brand Marks – and not just its registration – Swiss Brand's ability to build its business and expand the use of its Swiss Brand Marks has been prejudiced given its fear and apprehension of being sued by Wenger

for trademark infringement. Indeed, at least one national retailer – aware of Wenger's objections – has already expressed its unwillingness to purchase Swiss Brand's products absent Wenger's express consent or a ruling in Swiss Brand's favor.

26. Because the dispute between the parties primarily involves Swiss Brand's use of the Swiss Brand Marks in commerce (and not just a dispute arising from their respective registrations), the TTAB is an inadequate forum to adjudicate this dispute in light of the limited record considered by the TTAB in its proceedings.

27. The facts and conduct alleged herein, considering the totality of the circumstances, demonstrates that there is a substantial case or controversy between the parties, which is now of sufficient immediacy and reality to warrant the issuance of a declaratory judgment under 28 U.S.C. § 2201.

28. Because this Complaint seeks a declaration of rights concerning use of the Swiss Brand Marks in U.S. commerce, there is a strong public interest in this Court rendering the requested declaratory relief to establish the rights of the parties and confirm that consumer confusion is not likely to occur.

29. Specifically, there is no likelihood of confusion, no infringement and no unfair competition under federal or state law arising from Swiss Brand's use or the Revised SWISSBRAND and Design Mark or the Revised Swiss Brand Cross Logo because, among other reasons, the Wenger Marks, as well as the other two additional marks cited in Wenger's Notices of Opposition, exist within a vast sea of highly similar marks incorporating the geographic term "Swiss" and/or a cross logo. In such a crowded field of similar marks, customers are not likely to be confused by these marks – including the Swiss Brand marks – simply because they contain these common elements. In particular, Wenger has cited not a single instance of customer

confusion arising from Swiss Brand's use of any of its Swiss Brand marks in the five years since Wenger first registered its objection to Swiss Brand's use.

WHEREFORE, Swiss Brand respectfully requests that this court enter judgment as follows:

a. declaring that confusion, mistake or deception is not likely to result from Swiss Brand's continued use of the Swiss Brand Marks (particularly the Revised SWISSBRAND and Design Mark and the Revised Swiss Brand Cross Logo);

b. declaring that Swiss Brand is entitled to maintain registration of U.S. Registration Nos. 4,068,183 and 4,369,953 and secure registration of the marks shown in U.S. Trademark Application Ser. Nos. 87/581,407, 87/581,410, 87/581,385 and 87/487,910; and

c. granting such other relief deemed just and proper.

Date: March 12, 2020

Respectfully submitted,

By: /s/ Steven I. Peretz
Steven I. Peretz
Florida Bar No.: 329037
speretz@pch-iplaw.com
Michael B. Chesal
mchesal@pch-iplaw.com
Fla. Bar. No.: 775398
Alberto Alvarez
aalvarez@pch-iplaw.com
Florida Bar No.: 106859

Peretz Chesal & Herrmann, P.L.
2 S Biscayne Blvd Ste 3700
Miami FL 33131
Tel: 305.341.3000
*Counsel for Plaintiff*